UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adrianne L. Laramore, | Case No. 21-cv-0781 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION** |
| Quality Residence, LLC., | |
| Defendant. | |

This matter is before the Court on Plaintiff Adrianne L. Laramore's emergency motion for a preliminary injunction. (Dkt. 13.) For the reasons addressed below, Laramore's motion is denied.

## BACKGROUND

Laramore is a Minnesota resident who, at all times relevant to this action, rented a residence on Edgerton Street in Saint Paul, Minnesota (Edgerton Street Property). Laramore alleges that on January 17, 2021, a vehicle crashed into the side of the Edgerton Street Property and damaged the residence. As a result of the accident, Laramore's 12-year-old daughter was admitted to a local hospital for several days. After an investigation, local authorities determined that the Edgerton Street Property was "not structurally fit for habitation." Laramore alleges that local housing authorities ordered Defendant Quality Residence, LLC (Quality Residence), to repair the damaged property. Yet, as of the date of the amended complaint, Quality Residence had not commenced repairing any of the damage. Because the property had not been repaired, Laramore and her family were forced

to move from the Edgerton Street Property. Laramore contends that it is difficult to locate housing that is not "infested with rats and rodents." Laramore seeks compensation from Quality Residence for "emotional distress, pain and suffering" for being forced to live in hazardous conditions. On April 13, 2021, Laramore filed an emergency motion seeking to enjoin Quality Residence from "destroying, disposing of, and to cease operation as to any property repairs on any asset [Quality Residence] owns."

## ANALYSIS

Federal Rule of Civil Procedure 65 authorizes a district court to grant injunctive relief in the form of a preliminary injunction or temporary restraining order. When determining whether preliminary injunctive relief is warranted, a district court considers the four *Dataphase* factors: (1) the probability that the movant will succeed on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between this harm and the injury that an injunction would inflict on other parties, and (4) the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "A preliminary injunction is an extraordinary remedy," and the party seeking injunctive relief must establish that each factor favors granting such relief. *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011).

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until a court has had an opportunity to rule on the merits of the lawsuit. *See Dataphase*, 640 F.2d at 113 & n.5 (8th Cir. 1981). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed

in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  A moving party is not entitled to a preliminary injunction based on conduct that differs from the conduct alleged in the complaint, even if the new allegations might support additional claims against the same defendants.  *Id.* (affirming denial of a preliminary injunction when the incarcerated plaintiff's complaint alleged inadequate medical treatment in violation of the Eighth Amendment to the United States Constitution, but his motion for a preliminary injunction alleged other retaliatory conduct by prison officials).

A *pro se* litigant's filings are liberally construed and held to less stringent standards than a formal motion drafted by an attorney.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But even a liberal construction cannot remedy the deficiencies in Laramore's emergency motion for injunctive relief.  Laramore's amended complaint does not seek injunctive relief.  For this reason, there is no basis for Laramore to obtain a preliminary injunction.  *See Devose*, 42 F.3d at 471 (holding that a motion for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint).

As to the first *Dataphase* factor, neither the amended complaint nor Laramore's motion for a preliminary injunction precisely identifies the legal basis for Laramore's claims such that the Court can evaluate Laramore's likelihood of success on the merits.  The amended complaint generally references "42 U.S.C. SECTION 1983 AND SECTION 8 OF THE UNITED STATES HOUSING ACT OF 1937."  But even when the amended

complaint is liberally construed, the Court cannot discern the precise legal basis for Laramore's claims. Because Section 1983 is not a source of substantive rights, a Section 1983 claim must identify the specific federal right allegedly infringed. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). Laramore's amended complaint does not identify a specific federal statutory or constitutional right, but instead cites generally to an entire chapter of the United States Code. The Court cannot determine Laramore's likelihood of success on the merits of her claims based on these allegations. Accordingly, the likelihood-of-success-on-the-merits factor weighs against injunctive relief.

The facts alleged in Laramore's amended complaint and motion also fail to demonstrate irreparable harm. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Here, Laramore's amended complaint seeks damages for "emotional distress, pain and suffering, [and] emotional and physical harm." As such, damages are an adequate remedy at law. *See id.* Because Laramore has not established that she will suffer irreparable harm absent an injunction, the irreparable-harm factor weighs against granting an injunction.

Since Laramore has not demonstrated a likelihood of success on the merits or irreparable harm, the Court need not address the balance-of-harms or public-interest factors. *See Jackson v. Macalester Coll.*, 169 F. Supp. 3d 918, 922 (D. Minn. 2016). Moreover, Laramore's motion does not address these factors. The Court also observes that Laramore's motion seeks an order enjoining Quality Residence from "destroying,

4

disposing of, and to cease operation as to any property repairs on any asset defendant . . . owns." The lack of clarity and precision articulated as to the relief sought further undermines the legal merit of the motion.

For these reasons, Laramore's emergency motion for a preliminary injunction is denied without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Adrianne L. Laramore's emergency motion for a preliminary injunction, (Dkt. 13), is **DENIED WITHOUT PREJUDICE**.


Dated: May 5, 2021                         s/Wilhelmina M. Wright
                                                                            Wilhelmina M. Wright
                                                                            United States District Judge