

RECEIVED
JUN 21 2021
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Adrianne L. Laramore | Case No. 21-cv-781-(WMW-KMM) |
| Plaintiff, | |
| v. | |
| Quality Residences, LLC, | |
| Defendant. | |

**PLAINTIFF'S SWORN AFFIDAVIT and MOTION PURSUANT TO 28 U. S. C. § 455(a), (b)(1) FOR DISQUALIFICATION OR RECUSAL OF A JUDGE and § 144 BIAS or PREJUDICE OF A JUDGE**

Plaintiff comes now, pursuant to the aforementioned statutes and states the following reasons:

In, the Federal Rules of Civil Procedures Rule 10(B) Section 3.02. (a)

Upon the filing of a motion seeking disqualification, recusal, or

determination of constitutional or statutory incompetence of more than one

judge of the intermediate appellate judge, the judge in question shall act

SCANNED ck
JUN 21 2021
U.S. DISTRICT COURT ST. PAUL

1

promptly by written order and either grant or deny the motion. If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion. If the judge denies the motion, the movant, **within TWENTY-ONE DAYS** of entry of the order, may file a motion for court review to be determined promptly by three other judges of the intermediate court upon a de novo standard of review: and

(1) Whereas, this court has chosen to ignore or overlook plaintiff's **"OBJECTION TO AN ORDER"** submitted on the 14th Day of May, 2021 U. S. District Court for the District of Minnesota Docket # 24, without any response, for which the courts must respond to any and all motions filed therein.

**THE RECUSAL STATUTES:**

III. Disqualification: Section 455(b) A. Personal Bias, Prejudice, or Knowledge: Section 455(b)(1) Subsection 455(b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The standard for determining disqualification is "whether a reasonable person would be convinced the judge was biased."1 4 "Recusal

under Section 455(b)(1) 'is required only if actual bias or prejudice is proved by compelling evidence.'"1 5 The Seventh Circuit Court of Appeals held that section 455(b)(1) required recusal where a judge who was briefed privately by a panel of experts declined to inform the parties about the briefing's contents. The court acknowledged that section 455 is primarily concerned with knowledge gained "outside a courthouse"; however, knowledge acquired in a judicial capacity typically "enters the record and may be controverted or tested by the tools of the adversary process. . . . Off-the-record briefings in chambers, by contrast, leave no trace in the record

    (2) On further proceedings and noted in U. S. District Court for the District of Minnesota Docket # 25, on the 27, Day of May 2021 Report of Rule 26(f) Planning Meeting was filed and entered by the court.

    (3) On June 1, 2021 the court filed and entered a Pretrial Conference Schedule, Order/Notice of Setting/Resetting Hearings/Deadlines and Letter From Judge, while all the time still evading, ignoring and overlooking the **"OBJECTION TO A COURT ORDER"**.

    (4) In addition, the court also entered on the 5th, Day of May, 2021, an **"ORDER OF DENIAL"** with specifics as to the **"Analysis"** at p. 2, *Dataphase* factors U. S. District Court Docket # 23, in which the U. S.

3

Magistrate Judge chose to offer her own personal opinion on this matter and not that of **Substantial Law or Law** based upon the **Merits** of the case.

(5) This court, like any other court whether it be local, state or federal, chooses to enforce its rules and standards against parties outside the apparent professional realm, yet avoiding to abide by its own standards under the so-called name of **"PROFESSIONALISM"**, plaintiff Adrianne L. Laramore, also has Associates degree in Criminal Justice Minneapolis Community and Technical College and one semester short of Bachelors in Forensics Hamline University still with all Honors.

## CONCLUSION

**[W]herefore,** in light of the foregoing proceedings plaintiff herein submits to this court request for both the U. S. Magistrate Judge and U. S. District Court Judge Disqualify and Recuse themselves from this matter and allow for a Judge with no personal feelings or emotions or attachments through family and friends of the defendants to review and preside over all hearings in this matter.

Respectfully Submitted,

*Adrianne L. Laramore*

Adrianne L. Laramore, Pro se.

1230 Edgerton St. Unit #1

St. Paul, MN 55130

Email: peaceispower126@gmail.com