UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Adrianne L. Laramore, | Case No. 21-cv-0781 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** |
| Quality Residence, LLC., | |
| Defendant. | |

---

This matter is before the Court on Plaintiff Adrianne L. Laramore's motion for recusal of the United States Magistrate Judge and the undersigned United States District Judge in this case. (Dkt. 30.) For the reasons addressed below, the Court denies Laramore's motion.

Laramore commenced this lawsuit against Defendant Quality Residence, LLC (Quality Residence), after a vehicle crashed into the side of her residence forcing her family to move. Laramore alleges that Quality Residence's failure to repair the residence led to emotional distress, pain and suffering. Laramore filed an emergency motion seeking to enjoin Quality Residence, which the Court denied in a May 5, 2021 Order. Laramore subsequently filed a procedurally improper objection to the Court's May 5, 2021 Order. Laramore now moves for the recusal of the United States Magistrate Judge and the undersigned United States District Judge pursuant to 28 U.S.C. § 455. Laramore argues that recusal is warranted because the Court did not address Laramore's May 14, 2021 objection to the Court's May 5, 2021 Order.

Under 28 U.S.C. § 455, "recusal is required if the judge bears a bias or prejudice that might call into question [the judge's] impartiality." *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (internal quotation marks omitted). Because "a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise," a party who seeks to compel judicial recusal bears "a heavy burden of proof." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (internal quotation marks omitted). "Opinions based on facts or events occurring in a judicial proceeding 'do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.' " *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Laramore's motion argues that the magistrate judge and district judge both failed to address Laramore's May 14, 2021 filing. Laramore's May 14, 2021 filing is a procedurally improper objection to the Court's May 5, 2021 Order denying Laramore's motion for a preliminary injunction.[1] Essentially, Laramore appears to seek judicial recusal because the Court denied her motion for a preliminary injunction. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Laramore's objections to the judicial rulings in this case are not a sufficient basis to warrant recusal. And Laramore does not identify any other basis that would warrant recusal.

---

[1] To the extent that Laramore's objection could be construed as a motion to reconsider the Court's May 5, 2021 Order, such motions may be filed only after obtaining "the court's prior permission," LR 7.1(j), Laramore did not do so here.

Because the record does not establish any factual or legal basis to grant the relief Laramore seeks, the Court denies Laramore's motion for recusal.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Adrianne L. Laramore's motion for recusal, (Dkt. 30), is **DENIED**.

Dated: July 7, 2021

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge