UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADRIANNE L. LARAMORE, | Case No. 21-CV-781 (WMW/JFD) |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S MOTION FOR RECUSAL |
| QUALITY RESIDENCE, LLC, | |
| Defendant. | |

This matter is before the Court on Plaintiff Adrianne L. Laramore's Motion for Recusal of the undersigned United States Magistrate Judge in this case (Dkt. No. 48). For the reasons set forth below, the Motion is denied.

## INTRODUCTION

Ms. Laramore began this lawsuit against Defendant Quality Residence, LLC on March 24, 2021. (Compl., Dkt. No. 1). After a vehicle crashed into the side of the house Ms. Laramore rented from Defendant, she alleged that Defendant's failure to repair the residence caused harm in the form of emotional distress as well as pain and suffering. (*Id.* ¶¶ 1, 7; at 2.) Ms. Laramore seeks damages of $1,500,000. (*Id.* at 2.)

On August 5, 2021, this case was referred to the undersigned who convened a settlement conference via Zoom videoconference on September 2, 2021. (Settlement Conf. Mins., Dkt. No. 38.) At that settlement conference the undersigned, as is his standard practice, created two Zoom breakout rooms. Corporate representatives of Defendant Quality Residence and defense counsel were in one room, while Ms. Laramore and her

partner were in another. The undersigned went back and forth between the breakout rooms, seeking modifications to settlement offers and demands in each room. No resolution of the case was negotiated at the settlement conference. (*Id.*)

On September 17, 2021, Ms. Laramore sent an email to the Court requesting a second settlement conference "due to on-going harassment from [Defendant]." (E-mail from Plaintiff Adrianne L. Laramore to Magistrate Judge Docherty (Sept. 17, 2021, 09:00 CST) (on file with recipient).) The Court declined to schedule a second settlement conference when the case had not changed in any material way since the first settlement conference. The Court also directed Ms. Laramore that communications with the Court seeking to schedule a motion or a settlement conference should not be by email, but by motion. (E-mail from Magistrate Judge Docherty to Plaintiff Adrianne L. Laramore (Sept. 20, 2021, 10:24 CST) (on file with author).) On January 20, 2022, Ms. Laramore called this Court's chambers and scheduled a motions hearing for February 24. On February 8, Defendant's counsel notified the Court by email that he had a conflict with that date. (Feb. 9 Order, Dkt. No. 46.) Since, on February 8, no motion had been filed, the Court removed the February 24 hearing from its calendar, while notifying both parties that upon receipt of a motion, a hearing would be scheduled. (*Id.*)

On Friday, February 25, 2022, Ms. Laramore filed the instant Motion for Recusal. As grounds for recusal, Ms. Laramore states that this Court did not allow her to hear the Court's conversations with the defense at the September 2, 2021 settlement conference. (Pl.'s Mem. Supp. Mot. Recusal at 12, Dkt. No. 49.) Ms. Laramore also alleges that the undersigned "has blatantly shown favoritism based upon racial epithets during emails,

phone calls and the most recent Zoom hearings." (*Id.* at 2.) The example given by Ms. Laramore is that the undersigned directed her, when she requested a settlement conference by email, that she should instead make a motion, but did not give defense counsel the same admonition when he later made a request to reschedule a hearing by email. (*Id.* at 2, 11–12.)

## **LEGAL STANDARDS**

Under Title 28 U.S.C. § 455, "recusal is required if the judge bears a bias or prejudice that might call into question [the judge's] impartiality." *Atkins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (citing 28 U.S.C. § 455) (internal quotation marks omitted). A party seeking a judge's disqualification takes on "a heavy burden of proof," because "a judge is presumed to be impartial." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015). Only when a judge displays "a deep-seated favoritism or antagonism that would make fair judgment impossible" is recusal required. *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Reading the Motion for Recusal in the light most favorable to Ms. Laramore, she alleges that the Court acted improperly by conducting the September 2, 2021 settlement conference with the parties in separate rooms; and by treating her differently than defense counsel on the question of email communications with the Court. (Pl.'s Mem. Supp. Mot. Recusal at 2, 11–12.) Ms. Laramore also alleges that the Court has used "racial epithets," but does not give examples. (*Id.* at 2.) Neither the way the settlement conference was conducted, nor the two emails cited by Ms. Laramore, evince "deep-seated favoritism or

3

antagonism." *Minard*, 856 F.3d at 557 (citation omitted). Thus, neither requires recusal and the undersigned declines to recuse himself from this case.

As noted above, the undersigned conducts all settlement conferences with the parties in separate rooms, whether virtual, in the form of Zoom break-out rooms, or in-person, by placing the parties, physically, in separate conference rooms inside the courthouse. Ms. Laramore did not object to the parties being in separate Zoom break-out rooms at the time of the September 2 settlement conference. There is nothing improper about such a procedure. *See* Code of Conduct for United States Judges, Canon 3(A)(4)(d) ("A judge may . . . with the consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters."); *see also*, Minn. Court Rules, Code of Judicial Conduct, Rule 2.9(4) (same).

The Court did treat the parties differently with respect to email communications and regrets doing so. However, the Court finds it unjustifiable to infer from this the depth of antagonism towards a party that must support a motion for recusal.

Finally, Ms. Laramore's reference to the Court's use of racial epithets is concerning. The undersigned has never used racial epithets. If Ms. Laramore believes she has evidence to the contrary, she should come forward with it.

## ORDER

Based on the foregoing analysis, and all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that Plaintiff Adrianne L. Laramore's Motion for Recusal (Dkt. No. 48) is **DENIED.**

Dated:  March 4, 2022            *s/ John F. Docherty*
                                 John F. Docherty
                                 United States Magistrate Judge