UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Adrianne L. Laramore, | Case No. 21-cv-0781 (WMW/JFD) |
| Plaintiff, | **ORDER** |
| v. | |
| Quality Residence, LLC., | |
| Defendant. | |

Before the Court is Plaintiff Adrianne L. Laramore's renewed emergency motion for a preliminary injunction and temporary restraining order. (Dkt. 53). For the reasons addressed below, the Court denies Laramore's motion.

## BACKGROUND

Laramore is a Minnesota resident who, at all times relevant to this action, rented a residence on Edgerton Street in Saint Paul, Minnesota (Edgerton Street Property). Laramore alleges that Defendant Quality Residence, LLC (Quality Residence), is responsible for the Edgerton Street Property.

Laramore alleges that a vehicle crashed into the side of the Edgerton Street Property on January 17, 2021, and damaged the residence. The accident also destroyed some "medical items and equipment" that belonged to Laramore's 12-year-old daughter. After an investigation, local authorities determined that the Edgerton Street Property was "not structurally fit for habitation." According to Laramore, local housing authorities ordered Quality Residence to repair the damaged property. But Laramore alleges that Quality

Residence had not commenced repairing any of the damage as of the date of the amended complaint. Because the property has not been repaired, Laramore alleges, she and her family are being forced to move from the Edgerton Street Property. Laramore contends that it is difficult to locate housing that is not "infested with rats and rodents." Laramore seeks compensation from Quality Residence for "emotional distress, pain and suffering" for being forced to live in hazardous conditions. On April 13, 2021, Laramore filed an emergency motion seeking to enjoin Quality Residence from "destroying, disposing of, and to cease operation as to any property repairs on any asset [Quality Residence] owns." The Court denied Laramore's motion because Laramore had established neither a likelihood of success on the merits nor irreparable harm. Laramore now renews her motion for preliminary injunctive relief.

## ANALYSIS

Federal Rule of Civil Procedure 65 authorizes a district court to grant injunctive relief in the form of a preliminary injunction. When determining whether preliminary injunctive relief is warranted, a district court considers the four *Dataphase* factors: (1) the probability that the movant will succeed on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between this harm and the injury that an injunction would inflict on other parties, and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "A preliminary injunction is an extraordinary remedy," and the party seeking injunctive relief bears the burden of establishing that each factor favors granting such relief. *Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011). The core question in this analysis "is whether the balance of equities so favors the movant that justice

requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113.

A *pro se* litigant's filings are liberally construed and held to less stringent standards than a formal motion drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But as this Court previously observed, the amended complaint does not precisely identify the legal basis for Laramore's claims such that the Court can evaluate Laramore's likelihood of success on the merits. The amended complaint generally references "42 U.S.C. SECTION 1983 AND SECTION 8 OF THE UNITED STATES HOUSING ACT OF 1937." But even when the amended complaint is liberally construed, the Court cannot discern the precise legal basis for Laramore's claims. Because Section 1983 is not a source of substantive rights, a Section 1983 claim must identify the specific federal right allegedly infringed. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). Laramore's amended complaint does not identify a specific federal statutory or constitutional right. Instead, Laramore's complaint cites generally to an entire chapter of the United States Code. The Court cannot determine Laramore's likelihood of success on the merits of her claims based on these allegations. Accordingly, the likelihood-of-success-on-the-merits factor weighs against granting injunctive relief.

The facts alleged in Laramore's amended complaint and motion also fail to demonstrate irreparable harm. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Here, Laramore's amended complaint seeks damages for "emotional distress, pain and

3

suffering, [and] emotional and physical harm." As this Court previously concluded, damages are an adequate remedy at law. *See id.* Laramore's renewed emergency motion requests that the Court affirm Laramore and Laramore's children's "rights to live in a society free of harm, irreparable damage to their lives, emotions, well-being, living accommodations and all other rights afforded by these federal statutes aforementioned as well as claims submitted in her Amended Complaint." But Laramore does not address the nature of the "irreparable damage" she alleges or why she has no adequate remedy at law. Laramore also has not provided any basis for the Court to conclude that the circumstances have changed since her first emergency motion. Because Laramore has not established that she will suffer irreparable harm absent an injunction, the irreparable-harm factor weighs against granting the injunctive relief she seeks.

As Laramore has not demonstrated a likelihood of success on the merits or irreparable harm, the Court need not address the balance-of-harms or public-interest factors. *See Jackson v. Macalester Coll.*, 169 F. Supp. 3d 918, 922 (D. Minn. 2016). Moreover, Laramore's motion does not address these factors. Laramore's renewed emergency motion for a preliminary injunction and restraining order, therefore, is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Adrianne L. Laramore's renewed emergency motion for preliminary injunctive relief, (Dkt. 53), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 24, 2022                    s/Wilhelmina Wright
                                          Wilhelmina M. Wright
                                          United States District Judge