UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Adrianne L. Laramore, | Case No. 21-cv-0781 (WMW/JFD) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Quality Residence, LLC, | |
| Defendant. | |

---

Before the Court is Defendant Quality Residences, LLC's (Quality Residences)[1] motion for judgment on the pleadings. (Dkt. 63). For the reasons addressed below, the Court grants the motion.

## BACKGROUND

Plaintiff Adrianne L. Laramore is a Minnesota resident who, at all times relevant to this action, rented a residence on Edgerton Street in Saint Paul, Minnesota (Edgerton Street Property). Laramore alleges that Quality Residences is responsible for the Edgerton Street Property.

According to Laramore, a vehicle crashed into the side of the Edgerton Street Property on January 17, 2021, and damaged the residence. The accident also destroyed "medical items and equipment" that belonged to Laramore's 12-year-old daughter. After an investigation, local authorities determined that the Edgerton Street Property was "not structurally fit for habitation." According to Laramore, local housing authorities ordered

---

[1] According to Defendant, the case caption in the amended complaint incorrectly refers to Defendant as Quality Residence, LLC, instead of Quality Residences, LLC.

Quality Residences to repair the damaged property. But Laramore alleges that Quality Residences had not commenced repairing any of the damage as of the date of the amended complaint. Because the property has not been repaired, Laramore alleges, she and her family are being forced to move from the Edgerton Street Property. Laramore contends that it is difficult to locate housing that is not "infested with rats and rodents." Laramore seeks compensation from Quality Residences for "emotional distress, pain and suffering" for being forced to live in hazardous conditions.

On April 13, 2021, Laramore filed an emergency motion seeking to enjoin Quality Residences from "destroying, disposing of, and to cease operation as to any property repairs on any asset [Quality Residences] owns." The Court denied Laramore's motion because Laramore had established neither a likelihood of success on the merits nor irreparable harm. Laramore renewed her motion for preliminary injunctive relief on March 1, 2022. The Court denied Laramore's renewed motion on March 24, 2022. Quality Residences now moves for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P.

## ANALYSIS

Judgment on the pleadings is proper when there are no issues of material fact to be resolved and the moving party is entitled to judgment as a matter of law. *Montin v. Moore*, 846 F.3d 289, 293 (8th Cir. 2017). When evaluating the merits of a motion for judgment on the pleadings, the district court applies the same legal standard that applies to a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6); *Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). To survive a motion for judgment on the pleadings, the

complaint must contain sufficient factual allegations to state a plausible claim for relief. *See Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). A district court accepts as true the facts alleged by the nonmoving party and draws all reasonable inferences from the pleadings in favor of that party. *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 699 (8th Cir. 2016). Without more, a recitation of the elements of a cause of action is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And legal conclusions asserted in the complaint are not entitled to the presumption of truth. *Id.* A *pro se* litigant's pleadings are liberally construed and held to a less stringent standard than those drafted by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Quality Residences argues that Laramore fails to state a claim because she identifies no legal basis on which relief could be granted. The amended complaint generally references "42 U.S.C. SECTION 1983 AND SECTION 8 OF THE UNITED STATES HOUSING ACT OF 1937." A claim under Section 1983 must identify the specific federal right allegedly infringed because Section 1983 is not a source of substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). Laramore's amended complaint, even when liberally construed, does not identify a specific federal statutory or constitutional right. And there is no implied private cause of action under Section 8 of the United States Housing Act of 1937. *See Hill v. Grp. Three Hous. Dev. Corp.*, 799 F.2d 385, 394 (8th Cir. 1986). Because Laramore has not identified a cognizable legal theory on which relief could be granted, the Court grants Quality Residences's motion for judgment on the pleadings.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.  Defendant Quality Residences, LLC's motion for judgment on the pleadings, (Dkt. 63), is **GRANTED**.

2.  Plaintiff Adrianne L. Laramore's amended complaint, (Dkt. 10-1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  August 26, 2022                         s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge